```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


Xerox Corporation,              )
                                )
      Plaintiff,                )
                                )
         v.                     )    1:05cv884 (JCC)
                                )
Global Printing, Inc.,          )
                                )
      Defendant.                )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Motion to dismiss Defendant's counterclaim for failure to state a claim upon which relief may be granted and Plaintiff's Motion to strike the counterclaim.  For the reasons stated below, the Court will deny Plaintiff's motion to dismiss the counterclaim and grant Plaintiff's motion to strike the counterclaim.

### I. Background

This case arises out of an equipment lease and two maintenance agreements between Plaintiff Xerox Corporation ("Xerox") and Defendant Global Printing Incorporated ("GPI"). Xerox was providing the equipment and services to GPI.

On July 29, 2005, Xerox filed a Complaint against GPI for, *inter alia*, breach of contract and recovery of personal property.  In the Complaint, Xerox seeks damages over $930,000. With its answer of August 22, 2005, GPI filed a counterclaim alleging breach of contract, fraud, and unjust enrichment.  In

its counterclaim, GPI seeks roughly $1,000,000 in compensatory damages, in addition to punitive damages and attorneys' fees.

On September 14, 2005, Xerox filed a motion to dismiss Count IV, the fraud claim, and Count V, the unjust enrichment claim, of GPI's counterclaim for failure to state a claim upon which relief may be granted.  Also on September 14, 2005, Xerox filed a Motion to strike GPI's counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  On October 18, 2005, Xerox filed a Motion for leave to amend the motion to strike the counterclaim.  These Motions are currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of

plaintiff." *Id.* For purposes of this case, the counterclaim is to be liberally construed in favor of the counterclaimant. In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) (internal citations omitted) (statute of limitations defense is an affirmative defense that merits a dismissal pursuant Rule 12(b)(6)); *see also* 5B Wright & Miller, Federal Practice and Procedure § 1357 ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"[T]he standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant" because of the bias against striking defenses and because of the liberal pleading requirements embodied by the Federal Rules of Civil Procedure. *Clark v. Milan*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993).

### III. Analysis

A. Motion to Dismiss

Xerox moves the Court to dismiss two counts of GPI's counterclaim for failure to state a claim on which relief may be granted.  Xerox first seeks dismissal of Claim IV, the fraud claim, on the grounds that it is barred by the statute of limitations, that it is impermissibly based on contractual duties and obligations, and that it is not stated with particularity.

The Virginia Code requires that a cause of action for fraud be filed within two years after the date on which it accrues.  Va. Code Ann. § 8.01-243.  Accrual for a fraud claim occurs when the cause of action is discovered or "by the exercise of due diligence reasonably should have been discovered."  Va. Code Ann. § 8.01-249(1).  GPI's fraud claim is based on issues related to the functioning of the equipment furnished by Xerox and the services provided by Xerox pursuant to the agreements, including such claims that a particular piece of equipment could not print on coated paper and that Xerox was not providing personnel to staff the equipment.  GPI responds to the statute of

limitations argument by claiming that the time of accrual is a "disputed factual matter." (Def. Opp. 2.) However, Xerox argues that it is impossible to explain why discovery of these very basic fraud claims would take four to six years - the amount of time between the signing of each of the two sets of agreements and the time GPI brought its counterclaim.

While this Court finds it unlikely that the fraud that GPI alleges in its counterclaim was first discovered or should have been first discovered years after the signing of the agreement, the face of GPI's counterclaim does not clearly reveal that the statute of limitations bars this action. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996). Indeed, this is a factual matter where there is dispute between the parties. As such, the Court will deny the motion to dismiss the fraud claim on the statute of limitations grounds given the facts as presented to the Court at this time.

Xerox seeks dismissal of the fraud claim on the basis that "the allegations of the fraud arise from contractual duties." (Plf. Mot. 3.) A party may not recover for both fraud and breach of contract for the same alleged injury. *See Richmond Metro. Auth. v. McDevitt Street Bovis*, 507 S.E.2d 344 (Va. 1998). In the opposition papers, however, GPI asserts that the fraud claim is based upon fraudulent inducement to enter into the contracts with Xerox rather than breaches of the contract itself.

-5-

(Def. Opp. 3.)  Because a relationship existed between the parties that led to a common law duty, there are grounds for asserting both fraud and breach of contract actions.  *See Richmond Metro. Auth.*, 507 S.E.2d at 347 (citing *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144, 148 (Va. 1991)).

Finally, Xerox argues that the counterclaim did not state the fraud allegations with particularity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.  As Xerox notes, the purpose of this requirement is to protect defendants from frivolous suits and prevent actions in which all of the facts are learned through discovery after the complaint - or in this case, the counterclaim - is filed.  *See*, 27 Fed. Proc., L. Ed., Pleadings and Motions § 62:130.  GPI has stated the four grounds on which it is alleging fraud.  Although GPI fails to specify which Xerox employee relayed this information, Xerox is protected as a defendant from frivolous suits by the specificity of the allegations as stated.  Additionally, this is not an action where all the facts will be learned during discovery since GPI was sufficiently specific within the counterclaim.  These allegations satisfy the requirements of Rule 9(b).

Xerox also seeks to dismiss GPI's unjust enrichment claim, Count V, for failure to state a claim upon which relief may be granted.  Xerox argues that since both parties acknowledge the existence of an express contract and unjust enrichment

applies only when no express contract exists, this claim should be dismissed.  (Plf. Mot. 5.)  Although it seems clear from GPI's opposition that GPI recognizes the express contract between the parties, GPI is still entitled to plead alternative causes of action.  Even though it is unlikely that GPI will need to rely on such a claim, the rules of liberal pleading allow GPI to include it.

B. Motion to Strike

  Xerox asks the Court to strike paragraphs seven through nineteen of GPI's "Facts" section of its counterclaim.  All of GPI's references to accounting fraud are deemed "irrelevant," "inflammatory and highly prejudicial" by Xerox because GPI has not initiated an enforcement action in relation to the alleged fraud.  (Plf. Mot. 2.)  Likewise, GPI's allegations concerning Xerox's practices in customer relations regarding refurbishment and machine replacement expenses are deemed irrelevant by Xerox because GPI has not made any claim regarding such practices.  (Plf. Mot. 2.)  GPI responds that the assertions regarding accounting fraud and customer relations are relevant to its claim of fraud in the inducement of the contract.

  In its amended Motion, which the Court will consider, Xerox also seeks to strike GPI's affirmative defense number eight which asserts that "Xerox manipulated the amounts due under its

-7-

agreement with Global as part of a broader scheme to accelerate earnings to meet Wall Street analyst expectations."

A motion with almost identical facts was filed with the United States District Court for the District of Maryland in the case *Xerox Corporation v. Imatek, Incorporated.* 220 F.R.D. 241 (D. Md. 2003). In fact, the language of the affirmative defense at issue in the current Motion is almost a verbatim copy of the defense at issue in *Imatek*. In acknowledging that courts have great discretion in this area, "especially if the allegations in the complaint will cause prejudice at a later date in the litigation," the court in the *Imatek* case decided the allegations were both immaterial and prejudicial. *Id.* at 243. In responding to Imatek's defense, the court stated that "Xerox's alleged violations of generally accepted accounting principles in reporting its profits and losses do not have any relevance whatsoever to ImaTek's claims for breach of contract, fraud or unjust enrichment." *Id.* In striking the almost identical affirmative defense, the court stated that "[t]o allow ImaTek to plead and prove this paragraph as a defense would effectively permit ImaTek to submit its allegations in Paragraphs 8-20 of its Counterclaim through the back door." *Id.*

This Court agrees with the logic of the District Court of Maryland. GPI's statement that these allegations are relevant to Xerox's motivation and behavior in inducing GPI to lease new

equipment is vague, unsupported, and unpersuasive.  Therefore, the Court will grant Plaintiff's motion to strike paragraphs seven through nineteen and the eighth affirmative defense.

### IV. Conclusion

For the reasons stated above, the Court will deny Plaintiff's motion dismiss the counterclaim and grant Plaintiff's motion to strike the counterclaim.  An appropriate Order will issue.

October_25_, 2005  _____/s/_____
Alexandria, Virginia          James C. Cacheris
                        UNITED STATES DISTRICT COURT JUDGE